# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GORDON CUMMINGS, #286663 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. CCB-10-1722 |
| SGT. JOSEPH D. CRISP[1] | * | |
| OFFICER FRANCIS | | |
| FREDERICK COUNTY DETENTION | * | |
| CENTER COMMISSIONER'S OFFICE | | |
| FREDERICK COUNTY DETENTION | * | |
| CENTER "I.C.E. UNIT" OFFICER RAMOS | | |
| FREDERICK COUNTY DETENTION | * | |
| MEDICAL UNIT | | |
| Defendants. | * | |

***

## MEMORANDUM

Pending in the above-captioned civil rights case is defendant Chrisp's motion for summary judgment. ECF No. 14. Plaintiff responded to the motion. ECF No. 17. For the reasons that follow, the motion shall be granted.

## Background

Plaintiff, a pretrial detainee at the Frederick County Detention Center ("FCDC") at all times relevant to the complaint, alleges that on July 12, 2009, between 10 a.m. and 12 noon, his housing unit was lined up to receive jail uniforms from Officer Francis. Plaintiff states that he was second in line to receive his uniform and overheard a conversation between the inmate in front of him and Francis. Plaintiff claims that the inmate informed Francis that he wore a size 5X or 6X, but Francis insisted that he would give him a 4X. An argument ensued between the two men and Lieutenant Chrisp was called over to assist in the situation. In an effort to defuse the situation, Chrisp sent the inmate to the bathroom to try on the size given to him by Francis to determine if it fit. Plaintiff states that the disagreement angered Francis, who then took his anger

---

[1] Crisp's name is improperly spelled. The correct spelling is Chrisp.

out on plaintiff. ECF No. 1 at 1-2.

When plaintiff stepped up to the table to receive his uniform, he was also asked what size he wore. Plaintiff told Francis that he wore a 3X, but Francis offered him a uniform two sizes smaller. Plaintiff protested and suggested to Francis that he would make things easier on himself if he did not ask the sizes worn, if he had no intention of providing that size. Francis began yelling and screaming as plaintiff walked away. Plaintiff then approached Chrisp to explain to him what had transpired. Plaintiff claims that when he turned his back on Francis, an officer ran behind him and wrapped his arms around him from behind. Plaintiff states he did not know who was behind him, but his feet left the ground, his hips were thrown sideways, he plummeted headfirst to the ground and was rendered unconscious for 10 seconds. Plaintiff then realized he was being assaulted by Francis, Chrisp, and a few other officers, one of whom used a stun gun on his back. He states that he did not resist the officers, but tried to explain that he was feeling pain in the lower back. He states no one heard his complaints until he was cuffed and taken to the medical unit. Plaintiff claims no pictures were taken of the injury to the side of his head, and no medical treatment was provided to him before he was sent back to his housing unit. ECF No. 1 at 2.

Plaintiff states that when returned to his cell he began feeling pain going through his lower spinal column into his left leg. Because other inmates witnessed what happened to plaintiff in the gym, they alerted the officer on duty that plaintiff was in distress. Plaintiff claims that it took almost 20 minutes to get a wheelchair to take him to the medical unit for x-rays. X-rays revealed that nothing was broken. Plaintiff repeatedly asked to be taken to a hospital. His requests were denied. Plaintiff states that he was provided with pain pills and kept on medical lockup until he had an institutional adjustment hearing based on charges written by Francis.

Plaintiff claims that the institutional charges were written after he attempted to press charges against Francis. Plaintiff went to trial on July 21, 2009, on charges unrelated to the incident at FCDC, and was released on probation.

Plaintiff also claims he was illegally held in the Immigration Customs Enforcement (ICE) unit at FCDC. Specifically, he claims Officer Ramos held him illegally three to four days after his family paid his $1000 bail. Plaintiff is an American citizen who was born in Georgetown, Guyana. *Id*. at 4.

Chrisp alleges that on July 9, 2009, he was not present in the multipurpose room at the jail at any time during the day, and did not participate in or witness the events described in the complaint. Chrisp Aff. ¶ 4, ECF No. 14. In addition, there were no officers named Francis or Ramos employed at the detention center during the period of time covered by the complaint. Although plaintiff was advised of this fact by counsel, he has not acted upon the information by amending the complaint.[2]

## Standard of Review

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

*See* Fed. R. Civ. P. 56(a). In addition,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[2] Counsel further advises that the officers who may have been involved in the events described are Officers Michael Flowers and Orlando Rosa. ECF No. 14 at 2.

*See* Fed. R. Civ. P. 56(c)(1).

Under the Supreme Court standard of review, this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

Plaintiff does not deny that Chrisp was not involved in the events described in the complaint. ECF No. 17. He states that he did not receive the full text of defendant's motion for extension of time wherein it was stated that plaintiff had named the wrong parties as defendants. *Id*. Plaintiff now seeks to "regroup" and proceed with his claims against the appropriate parties.

It is clear from the undisputed facts that defendant Chrisp is entitled to summary

judgment in his favor.  Chrisp is the only defendant properly served in this case and dismissal of the complaint will not impair plaintiff's ability to bring a new action against the appropriate defendants due to expiration of the statute of limitations.³

Accordingly, the motion for summary judgment shall be granted and the case shall be closed.  A separate Order follows.


June 20, 2011    /s/
Date                                                                                         Catherine C. Blake
                                                                                             United States District Judge

---

³ "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v. Okure,* 488 U.S. 235, 249-250 (1989) and *Wilson v. Garcia,* 471 U.S. 261, 279-280 (1985)).  In Maryland the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc. Code Ann. § 5-101.  Plaintiff may file a new 1983 complaint naming the appropriate defendants, so long as it is done before July 9, 2012.  A civil rights packet shall be provided to him by the Clerk.